UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSEPH BROWN,

                 Plaintiff,

v.

JOLEANE TRIBBLE et al.,

                 Defendants.

_____/

Case No. 1:22-cv-419

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint in part because it is legally frivolous, in part because it is frivolous and malicious, and in part for failure to state a claim upon which relief may be granted.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about

which he complains occurred at that facility and the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues ICF Nurse Joleane Tribble, the Ionia Correctional Facility Health Care System, and the Oaks Correctional Facility Health Care System.

Plaintiff alleges that Defendant Tribble gave him the wrong medication on June 20, 2021. Presumably, Plaintiff seeks to hold Defendant Ionia Correctional Facility Health Care System liable for Defendant Tribble's action. Plaintiff's allegations against Defendant Oaks Correctional Facility Health Care System are scant. Plaintiff alleges that he should have a deep toe shoe detail. He reports that ECF healthcare personnel have informed him that he has a bottom bunk detail, but no deep toe shoe detail. (2/14/2022 Kite Response, ECF No. 1-2, PageID.43; Medical Detail Special Accommodations, ECF No. 1-2, PageID.50.) Plaintiff also claims he should have a hot water bottle detail. ECF healthcare personnel have informed Plaintiff that they do not hand out hot water bottles, but that he can pursue alternative means of pain relief. (7/5/2021 Kite Response, ECF No. 1-2, PageID.29.) It appears Plaintiff has pursued a regimen of ibuprofen and Tylenol instead. (3/20/2022 Kite Response, ECF No. 1-2, PageID.47.)

Plaintiff seeks a declaration that Defendants have violated his constitutional rights, as well as an award of compensatory and punitive damages of $600,000 against each Defendant.

This is not Plaintiff's first lawsuit regarding Defendant Tribble's provision of the wrong medication on June 20, 2021. Plaintiff filed his first lawsuit making that allegation on August 6, 2021. *Brown v. Tribble*, No. 1:21-cv-675 (W.D. Mich.) (herein *Brown v. Tribble #1*). Plaintiff supplemented his complaint and then amended his complaint. By opinion and judgment entered February 7, 2022, the Court dismissed Plaintiff's amended and supplemented complaint with prejudice for failure to state a claim upon which relief could be granted. *Brown v. Tribble #1* (Op. & J., ECF Nos. 21, 23). Plaintiff thrice sought post-judgment leave to amend his complaint.

The Court thrice denied that relief as futile. *Id.* (Order, ECF No. 25; Order, ECF No. 28; Order, ECF No. 32). The Court's last order denying relief was entered on April 22, 2022. Plaintiff did not file a notice of appeal. Instead, he waited two weeks and then filed the instant complaint. The judgment in *Brown v. Tribble #1*, however, is now final.

This is also not Plaintiff's first lawsuit regarding his deep toe shoe accommodation request and related pain. Plaintiff filed a complaint regarding those issues on March 28, 2022, 6 weeks before he filed the instant complaint. *Brown v. Unknown Party #1*, No. 1:22-cv-289 (W.D. Mich.). He thereafter supplemented that complaint. By opinion and judgment entered August 19, 2022, the Court dismissed Plaintiff's federal claims with prejudice for failure to state a claim upon which relief could be granted. *Id.* (Op. & J., ECF Nos. 9, 10). That judgment, however, is not yet final.

## II.    Res Judicata

Plaintiff's claims relating to the dispensing of the wrong medication on June 20, 2021, have been litigated to final judgment in this Court. The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit

involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

The prerequisites for application of the claim preclusion doctrine are present here. *Brown v. Tribble #1* was dismissed for failure to state a claim. "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores*, 452 U.S. at 399 n.3 (1981) (internal quotes omitted).

Plaintiff's "wrong medication" claims in this suit are raised against the same party—Nurse Tribble—or another in privity with her—the Ionia Correctional Facility Health Care System that employs Nurse Tribble. The application of *res judicata* does not require an identity of the parties. "[I]t is well settled that a principal-agent relationship satisfies the privity requirement of *res judicata* where the claims alleged are within the scope of the agency relationship." *ABS Indus., Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999 (6th Cir. 2009).

And, finally, the present suit involves the same claims and cause of action as *Brown v. Tribble #1*. The June 20, 2021, dispensing of the wrong medication to Plaintiff and the subsequent failure to treat the consequences form the factual foundation of both suits.

The Court concludes that Plaintiff's claims against Nurse Tribble and the Ionia Correctional Facility Health Care System are barred. An action that is barred by *res judicata* is legally frivolous. *See, e.g.*, *Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001). Accordingly, these claims are properly dismissed on preliminary review under 28 U.S.C. §§ 1915(e) and 1915A, as well as 42 U.S.C. § 1997e.

### III.   Duplicative Litigation

Although Plaintiff's claims regarding the failure to address his foot and leg pain at the Oaks Correctional Facility have also been reduced to judgment in *Brown v. Unknown Party #1*,

4

No. 1:22-cv-289 (W.D. Mich.), that judgment is not yet final. Therefore, the first prerequisite for the application of *res judicata* is not met. Nonetheless, the claims are properly dismissed as duplicative.

"Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See*, *e.g.*, *Daker v. Ward,* 999 F.3d 1300, 1308 (11th Cir. 2021) (holding that a duplicative complaint is an abuse of the judicial process and is properly dismissed as malicious); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats

pending or previously litigated claims); *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992) (confirming rule under former § 1915(d) that a district court may dismiss duplicative complaints as malicious); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) ("[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims . . . ."); *Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that a complaint brought by a pauper "that merely repeats pending or previously litigated claims" is abusive and "[a] complaint plainly abusive of the judicial process is properly typed malicious").[1]

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be identical. To determine whether the actions significantly differ, courts focus on the substance of the complaints. *See*, *e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations"

---

[1] *See also Hurst v. Counselman*, 436 F. App'x 58, 60–61 (3d Cir. 2011) (concluding that the plaintiff's duplicative action evinced an attempt to vex, injure or harass a defendant and was therefore properly dismissed as malicious); *Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (affirming dismissal of a complaint as frivolous and malicious because it "substantially mirror[ed] the prior complaint"); *Pittman v.  Moore,* 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (affirming the dismissal of a complaint as frivolous where the plaintiff proceeding with pauper status already had filed similar complaints, one of which was currently pending and "deal[t] with issues directly related, if not identical, to these herein").

asserted in the earlier case). Considering the substantial identity between the legal claims, factual allegations (or lack thereof), temporal circumstances, and relief sought in the present complaint and in Plaintiff's complaint in *Brown v. Unknown Party #1*, No. 1:22-cv-289 (W.D. Mich.), pursuant to the Court's inherent power, Plaintiff's claims against the Oaks Correctional Facility Health Care System are properly dismissed on the grounds that they are duplicative and, therefore, frivolous and malicious on preliminary review under 28 U.S.C. §§ 1915(e) and 1915A, as well as 42 U.S.C. § 1997e.

## IV.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The Sixth Circuit has concluded that a state prison's medical department is not a "person" subject to suit under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006). Therefore, Plaintiff fails to state a claim against

7

either the Ionia Correctional Facility Health Care System or the Oaks Correctional Facility Health Care System "as a matter of law." *Id.* at 356. The claims against those Defendants, therefore, are properly dismissed on preliminary review under 28 U.S.C. §§ 1915(e) and 1915A, as well as 42 U.S.C. § 1997e.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendants Tribble and the Ionia Correctional Facility Health Care System are legally frivolous because they are barred by the doctrine of *res judicata*. Plaintiff's claims against the Oaks Correctional Facility Health Care System are frivolous and malicious because they are duplicative. Moreover, Plaintiff's complaint against the Ionia Correctional Facility Health Care System and the Oaks Correctional Facility Health Care System fails to state a claim because those Defendants are not persons under 42 U.S.C. § 1983. For all of these reasons, Plaintiff's complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 24, 2022                              /s/ Robert J. Jonker
                                                       Robert J. Jonker
                                                       United States District Judge